IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| UNITED CONSTRUCTION PRODUCTS, INC. D/B/A BISON INNOVATIVE PRODUCTS <br><br> Plaintiff, <br><br> v. <br><br><br> TILE TECH, INC. <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

_____

# COMPLAINT FOR PATENT INFRINGEMENT
_____

Plaintiff United Construction Products, Inc., d/b/a Bison Innovative Products ("Bison"), through counsel David von Gunten, von Gunten Law LLC, for its Complaint against Tile Tech, Inc., ("Tile") states as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under the patent laws of the United States, including 35 U.S.C. § 281 *et seq*.

2. Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1391, 1400, and 2001.

3. Bison is a Colorado corporation with its principal place of business in Colorado.

4. Bison is the owner, by assignment, of a United States patent for a "Support pedestal having an anchoring washer for securing elevated surface tiles," patent number 8,302,356, with a date of patent of November 6, 2012 (the "Patent").

5. Tile is, upon information and belief, a California corporation, and, upon information and belief has its principal place of business in California, and may also be doing business as Tile Tech Pavers, Inc., and or Tile Tech, LLC.

6. Tile has marketed its products throughout the United States by advertising and selling its products.

7. Upon information and belief, Tile has maintained a presence for its products in Colorado through an internet based sales program and potentially through a national distributor and sub-distributors of the national distributor.

8. Upon information and belief, Tile distributes its products throughout the United States by way of the internet and through one or more distributors and sub-distributors, potentially allowing products infringing the Patent to be sold in this judicial district.

9. By its actions, Tile has established a regular and established place of business in the District of Colorado.

10. Tile has committed acts of infringement of the Patent during 2013, and perhaps earlier, throughout the United States, including Colorado.

## GENERAL ALLEGATIONS

11.     Bison has commercially advanced, utilized, and benefitted from the Patent by arranging for the manufacturing of and then selling adjustable pedestals having an anchoring washer for securing elevated surface tiles ("Pedestal System").  The Pedestal System incorporates the invention described in the Patent.

12.     The Patent is valid and enforceable, and Bison, as the owner of the Patent has the right to pursue injunctive relief, collect all damages, and obtain all available remedies for any claims of infringement of the Patent, whether existing prior to or arising after the assignment of the Patent to Bison.

13.     Throughout the United States, either directly or through distributors, Tile has been, and still is, infringing on Bison's Patent by making, displaying, advertising, and selling pedestal products infringing upon the patented invention in violation of Bison's rights pursuant to the Patent (the "Tile Products").

14.     Tile has also used images of Bison's products and projects on its website, thereby misrepresenting that such products were the products and projects of Tile, demonstrating Tile's knowledge of the Pedestal System, and further demonstrating the deliberate, willful, and intentional nature of Tile's acts.

15.     Upon information and belief, Tile has been on notice of the Patent during 2013, and perhaps earlier, and Tile has not obtained a qualified opinion that the Tile Products sold by Tile do not infringe upon the Patent.  The infringement of the Patent by Tile is therefore deliberate, willful, intentional, and with full knowledge of the existence and validity of Bison's Patent.

16. Such infringement has caused injury and damage to Bison because it is seeking to divert and diverting from Bison to Tile, and Tile's distributors, customers who would otherwise purchase the Pedestal System from Bison.

17. The damages that Bison has sustained, and will sustain in the future, caused by Tile's infringement of the Patent, are difficult to determine, and therefore Bison has an inadequate remedy at law for the unlawful actions of Tile.

18. Tile should therefore be permanently enjoined from committing any further acts of infringement with respect to the Patent.

### FIRST CLAIM FOR RELIEF
### (Patent Infringement)

19. Bison incorporates paragraphs 1 through 18 as though fully set forth herein.

20. Tile has infringed upon the Patent.

21. Tile has been on notice of the Patent during 2013, and perhaps earlier. Upon information and belief, Tile has not obtained an opinion from counsel or other qualified individual that the Tile Products does not infringe upon any claim of the Patent. Tile's infringement of the Patent is thus willful.

22. These acts of infringement have caused and are continuing to cause irreparable injury to Bison, which has no adequate remedy at law.

23. Tile's conduct will continue to damage Bison unless enjoined by this Court.

24. Bison is entitled to judgment against Tile in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### (Contributory Patent Infringement)

25. Bison incorporates paragraphs 1 through 24 as though fully set forth herein.

26. Tile knew or should have known that its activities infringe upon the Patent.

27. Upon information and belief, and despite such knowledge, Tile has sold or distributed the Tile Products to others who have resold and/or used the Tile Products in the United States.

28. The Tile Products are not a staple article of commerce and have no substantial non-infringing use.

29. Such activities constitute contributory patent infringement.

30. The activities of Tile have caused and are continuing to cause irreparable injury to Bison, which has no adequate remedy at law. The activities of Tile will continue to damage Bison unless enjoined by this Court.

31. Bison is also entitled to judgment against Tile in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Induced Infringement)

32. Bison incorporates paragraphs 1 through 31 as though fully set forth herein.

33. Tile has actual knowledge of the Patent.

34. Upon information and belief, Tile has actively encouraged others to sell and/or use the Tile Products in the United States despite having knowledge of the Patent.

35. Upon information and belief, Tile does not have a good faith basis for its sales and offers to sell the Tile Products in the United States.

36. Upon information and belief, such activities constitute inducement of infringement of the Patent.

37. The acts described above have caused and are continuing to cause irreparable injury to Bison, which has no adequate remedy at law. The acts described above will continue to damage Bison unless enjoined by this Court.

38. Bison is also entitled to judgment against Tile in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff United Construction Products, Inc., requests that a judgment enter in its favor and against Tile Tech, Inc., as follows:

A. Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them be preliminarily and permanently enjoined from any and all acts of infringement of the Patent, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of the Tile Products, or any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States;

B. The Court award Bison damages in an amount to be proven at trial, but not less than damages based upon a reasonable royalty;

C. The Court award treble damages, pursuant to 35 U.S.C. § 284;

E. The Court award Bison attorney's fees, costs and disbursements incurred in this action pursuant to 35 U.S.C. § 284 and/or § 285; and

F.    Such other and further preliminary and permanent relief be awarded to Bison as the Court deems appropriate.

BISON DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Respectfully submitted this 31st day of January, 2014.

/s/ David von Gunten
_____
David von Gunten
von Gunten Law LLC
2696 S. Colorado Blvd., Suite 302
Denver, Colorado  80222
(303) 504-0055-office
(303) 504-0044-fax
(303) 507-9272-mobile
dcvglaw@msn.com

*Attorney for United Construction Products, Inc.,
d/b/a Bison Innovative Products*