**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is a patent infringement case. Plaintiff United Construction Products, Inc., d/b/a Bison Innovative Products ("Bison") alleges that defendant Tile Tech, Inc. ("Defendant") infringed upon Bison's patent on an adjustable pedestal with an anchoring washer for securing elevated surface tiles.

By this motion, Bison seeks spoliation sanctions against Defendant based on Defendant's admission that it threw away all of the infringing product it had after learning of Bison's lawsuit. Specifically, Bison seeks entry of default judgment against Defendant or, alternatively, an adverse inference instruction to the jury that it shall assume that the product Defendant disposed of infringed on Bison's patent.

**II.    FACTUAL BACKGROUND**

On October 9, 2015, Bison took the deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6). (Decl. of Michelle J. Correll ["Correll Decl."], ¶ 2.) Defendant's designated witness pursuant to Rule 30(b)(6) was Ramin Tabibnia. (Correll Decl., Ex. 1 at 8:11-20.) During the deposition, Mr. Tabibnia admitted that he threw away Tile Tech's infringing product after learning of Bison's lawsuit:

> Q:   Now, with respect to these washers, these quarter-cut washers –
> A:   Right.
> Q:   -- the 10 to 12 you think you made, where are they now?
> A:   Those – those were after this lawsuit we had. We basically destroyed and threw them in the garbage can.
> Q:   So after you new [sic] of the lawsuit –
> A:   Yeah.
> Q:   -- you then just threw –
> A:   Disposed of them.

| | | |
|---|---|---|
| 1 | Q: | -- threw the washers away? |
| 2 | A: | Correct. |
| 3 | | *   *   * |
| 4 | THE WITNESS: | Yeah, so January-February 2014 is when you sent the letter to us letting us know that you had a patent. Okay. So that was around that time. |
| 7 | BY MR. VON GUNTEN: | |
| 8 | Q: | So around that time, you then got the letter from me and then destroyed the – or threw away the washers? |
| 10 | A: | Yeah. Discarded. |
| 11 | | *   *   * |
| 12 | Q: | Mr. Tabibnia, I am showing you what's been marked as deposition Exhibit 13. And that is a letter from me to Tile Tech, Inc., Ronnie Tabibnia, president, at the 11640 Kiowa Street, Suite 408 address; and to the 2021 East 48th Street address. |
| 16 | A: | Correct. Okay. |
| 17 | Q: | Is this the letter to which you were just referring in your testimony? |
| 19 | A: | Correct. |
| 20 | Q: | No, am I correct in understanding your testimony that after you received this letter, you then disposed of the washers you had? |
| 22 | A: | Correct. |
| 23 | Q: | How did you dispose of them? |
| 24 | A: | Garbage can. |
| 25 | Q: | I would like you to go back to the interrogatories which are Exhibit 12 and look at No. 6. And Interrogatory 6 says: |

4.

PL.'S MOT. FOR SPOLIATION SANCTIONS

| | | |
|---|---|---|
| 1 | | "If you claimed to no longer have any washers in your |
| 2 | | possession" – and the washer is defined as a notched washer – |
| 3 | | "please describe the disposition of the washers that were in your |
| 4 | | possession." |
| 5 | | And the answer is: |
| 6 | | "Defendant disposed of said washers by placing it/them in |
| 7 | | a garbage can." |
| 8 | A: | Uh-huh. |
| 9 | Q: | Is that correct? |
| 10 | A: | Correct. |
| 11 | Q: | And so you have no quarter-cut washers or notched washers |
| 12 | | anymore? |
| 13 | A: | No. |
| 14 | Q: | Do you have any quarter-cut or – not quarter-cut.  Do you have |
| 15 | | any notched washers of any kind? |
| 16 | A: | No. |
| 17 | Q: | So Tile Tech does not sell, have, own, whatever may be, any |
| 18 | | washers – |
| 19 | A: | No. |
| 20 | Q: | -- that are similar to this where it's got a chunk of it taken out, a |
| 21 | | notched taken out; is that right? |
| 22 | A: | No, I do not. |
| 23 | Q: | So you don't even have any examples of this anymore to even |
| 24 | | look at? |
| 25 | A: | No.  We didn't keep any. |
| 26 | (Correll Decl., Ex. 1 at 133:1-136:22; *see also* Correll Decl., Ex. 2 [Depo. Ex. 12] | |
| 27 | and Ex. 3 [Depo. Ex. 13].) | |
| 28 | | |

5.

**PL.'S MOT. FOR SPOLIATION SANCTIONS**

## II. ARGUMENT

### A. Legal Standard

The Court has inherent authority to levy sanctions against a party who has despoiled evidence. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (the "sources of authority under which a district court can sanction a party who has despoiled evidence" include "the inherent power of federal courts to levy sanctions in response to abusive litigation practices").

Entry of default judgment is one available spoliation sanction. *See Consumer Fin. Protection Bureau v. Morgan Drexen, Inc.*, --- F. Supp. 3d ---, 2015 WL 1926223, at *9 (C.D. Cal. Apr. 21, 2015) ("Entry of a default judgment is permitted when the disobedient party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." (internal quotation marks omitted)). While a terminating sanction may issue only if the violation or abuse is willful, in bad faith, or the fault of the party, "willfulness, bad faith, or fault does not require wrongful intent; rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault." *Id.* at *9 (internal quotation marks omitted). Indeed, "[a] party's destruction of evidence qualifies as willful spoliation if the party has some notice that the [items] were *potentially* relevant to the litigation before they were destroyed." *Leon*, 464 F.3d at 959 (internal quotation marks omitted).

In the alternative to a termination sanction, the Court has "the power to draw an adverse inference from the destruction of relevant evidence." *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007). "[A] finding of 'bad faith' is not a prerequisite to this corrective procedure," and "simple notice of potential relevance to the litigation" will suffice. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (internal quotation marks omitted);

*see also Tenet*, 520 F. Supp. 2d at 1198 ("The destruction of the evidence need not be in 'bad faith' to warrant the imposition of sanctions.").

The District Court's imposition of spoliation sanctions is reviewed for abuse of discretion. *Leon*, 464 F.3d at 957-58. However, the District Court's factual findings, including findings of bad faith and prejudice, are reviewed for clear error. *Id.* at 958.

### B. Sanctions Against Defendant Are Warranted Based on Defendant's Spoliation of the Infringing Product

Defendant, through its Rule 30(b)(6) witness, has admitted that it destroyed all of the infringing product it had ***after learning of the present lawsuit***. (Correll Decl., Ex. 1 at 133:6-12 [A: Those – those were after this lawsuit we had. We basically destroyed and threw them in the garbage can. Q: So after you new [sic] of the lawsuit -- A: Yeah. Q: -- you then just threw -- A: Disposed of them.].) Defendant's infringing product is unquestionably relevant to this patent litigation. *See Leon*, 464 F.3d at 959 ("A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were *potentially* relevant to the litigation before they were destroyed." (internal quotation marks omitted)). Defendant's spoliation of the infringing product has prejudiced Bison's ability to prove its case against Defendant. For instance, if Defendant had not disposed of the infringing product, Bison would have been able to independently confirm the number of infringing product Defendant manufactured. The fact that Defendant willfully destroyed this highly relevant evidence warrants imposition of terminating sanctions against Defendant.

However, even if the Court were to decide that a terminating sanction is not warranted under these facts, an adverse inference instruction is necessary to remedy the prejudice created by Defendant's destruction of the infringing product.

III. **CONCLUSION**

For the foregoing reasons, Bison respectfully requests that the Court sanction Defendant for its spoliation of evidence by entering default judgment against Defendant or, alternatively, ordering an adverse inference instruction to the jury that it shall assume that the product Defendant disposed of infringed on Bison's patent.

Dated: November 9, 2015          SMITH CORRELL LLP

By:   /s/ Michelle J. Correll
        Michelle J. Correll
        Attorneys for Plaintiff
        United Construction Products, Inc.,
        d/b/a Bison Innovative Products