1
2
3

David von Gunten (*Pro Hac Vice*)
VON GUNTEN LAW LLC
2696 S. Colorado Blvd., Suite 302
Denver, Colorado 80222
Tel.: (303) 504-0055  Fax:  (303) 504-0044
dcvglaw@msn.com

4
5
6
7

Michelle J. Correll (Cal. Bar No. 229488)
SMITH CORRELL LLP
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel.: (213) 443-6222   Fax:  (877) 730-5910
mcorrell@smithcorrell.com

8
9

Attorneys for Plaintiff
United Construction Products, Inc.
d/b/a Bison Innovative Products

10

11            UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

13
14

UNITED CONSTRUCTION
PRODUCTS, INC. D/B/A BISON
INNOVATIVE PRODUCTS

Case No. 2:14-CV-08570-R-VBK

Hon. Manuel L. Real, Courtroom 8

15
16
17

            Plaintiff,

      v.

**FINDINGS OF FACT, CONCLUSIONS
OF LAW, AND ENTRY OF
JUDGMENT**

18

TILE TECH, INC.

19            Defendant.

20
21
22
23
24
25
26
27
28

1.

THIS MATTER is before the Court on the Plaintiff's Complaint, the Answer to the Complaint filed by the Defendant, Plaintiff's Motion for Entry of Default Judgment, Defendant's response to such Motion, and Plaintiff's reply in support of such motion.  The Motion for Entry of Default Judgment was heard by the Court on November 16, 2015.

THE COURT, having reviewed the pleadings, and considered the testimony, exhibits, arguments of counsel, and legal authority cited, makes the following findings of fact and conclusions of law, and enters judgment as follows:

<strong>JURISDICTION AND VENUE</strong>

The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, because this action arises under the laws of the United States, including laws relating to patents, namely 35 U.S.C. § 271(a) (patent infringement), 35 U.S.C. § 271(b) (induced infringement), 35 U.S.C. § 271(c) (contributory patent infringement), and Section 43(a) – 15 U.S.C. 1125(a) – of the Lanham Act.

Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

<strong>FINDINGS OF FACT</strong>

**I.      PROCEDURAL BACKGROUND**

1.      Plaintiff filed its Complaint for Patent Infringement ("Complaint") against Defendant on January 31, 2014, in the United States District Court for the District of Colorado. [Dkt. No. 1], claiming infringement of a United States patent for a "Support Pedestal having an anchoring washer for securing elevated surface tiles," patent number 8,302,356, with a date of patent of November 6, 2012 (the "Patent").  The Court granted Plaintiff's Motion for Leave to Amend Complaint on October 19, 2015 [Dkt. No. 79], to which Motion Defendant never objected, and Defendant never filed an Answer to Plaintiff's First Amended Complaint. Plaintiff's First Amended Complaint is hereafter referred to as the "Complaint."

2.     The Complaint, as amended, seeks relief for patent infringement, contributory patent infringement, induced infringement, and unfair competition. [Dkt. No. 66-4.]

3.     On July 24, 2014, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction in the United States District Court for the District of Colorado. [Dkt. No. 22.]

4.     Certain limited discovery regarding the issue of personal jurisdiction took place over the next few months.  *See* [Dkt. Nos. 30, 31, 32, 33, 34, and 35.]

5.     The parties thereafter filed a Stipulation and Motion to Transfer Action to Central District of California. [Dkt. No. 38.]

6.     An Order Transferring Action to Central District of California was entered on November 3, 2015 [Dkt. No. 39], the Central District of California entered a Notice of Receipt of Case Transferred on November 5, 2014 [Dkt. No. 41], and the case was assigned to this Court on November 5, 2014 [Dkt. No. 42].

7.     Defendant filed its Answer to Plaintiff's Complaint on January 9, 2015. [Dkt. No. 50.]

8.     The parties filed their Joint Report of Meeting Under Rule 26(f) on February 19, 2015.  [Dkt. No. 55.]

9.     The Court issued its Order (in Chambers) Setting Pre-Trial & Trial Dates on April 2, 2015, which set forth the following pertinent deadlines: A discovery cutoff date of October 19, 2015, and a trial date of December 8, 2015. [Dkt. No. 56.]

## II.     FACTUAL BACKGROUND

10.     On April 14, 2015, Plaintiff served on Defendant, by U.S. Mail, its first set of Requests for Admissions, Special Interrogatories, and Requests for Production ("Plaintiff's Discovery Request").  (Stipulation re Plaintiff's Motion to

3.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

1  Compel Further Responses to Written Discovery and Production of Documents,
2  and for Sanctions ("Motion to Compel") [Dkt. No. 61, p. 6].)

3        11.   Defendant's Responses to Plaintiff's Discovery Request were due by
4  May 18, 2015. (Motion to Compel [Dkt. No. 61, p. 6].)

5        12.   On May 21, 2015, counsel for Plaintiff contacted counsel for
6  Defendant to inquire why no responses to Plaintiff's Discovery Request were
7  received.  (Motion to Compel [Dkt. No. 61, p. 7].)

8        13.   Defendant claimed it had not received Plaintiff's Discovery Request.
9  (Motion to Compel [Dkt. No. 61, p. 7].)

10        14.   Although the service of Plaintiff's Discovery Request on Defendant
11  was valid, Plaintiff agreed to allow Defendant an additional 20 days to respond to
12  Plaintiff's Discovery Request. (Motion to Compel [Dkt. No. 61, p. 7].)

13        15.   Defendant requested extensions of time to respond to Plaintiff's
14  Discovery Request and did not serve its responses to Plaintiff's Discovery Request
15  until June 15, 2015. (Motion to Compel [Dkt. No. 61, p. 7].)

16        16.   Defendant's responses to Plaintiff's Discovery Request were deficient.
17  (Motion to Compel [Dkt. No. 61, pp. 7-8].)

18        17.   Plaintiff therefore contacted Defendant on July 2, 2015, with a request
19  to meet and confer regarding Defendant's deficient responses to Plaintiff's
20  Discovery Request, and requested a response by July 15, 2015. (Motion to Compel
21  [Dkt. No. 61, p. 8].)

22        18.   Defendant responded and proposed a meet-and-confer conference on
23  July 17, 2015. (Motion to Compel [Dkt. No. 61, p. 8].)

24        19.   However, two hours before the meet-and-confer conference was to
25  occur, Defendant requested that the conference be rescheduled for July 20, 2015.
26  (Motion to Compel [Dkt. No. 61, p. 8].)

27
28

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

20.     Plaintiff agreed and provided a five-hour time frame during which the conference could take place on July 20, 2015.  (Motion to Compel [Dkt. No. 61, p. 8].)

21.     Defendant did not respond to Plaintiff until July 20, 2015, despite being reminded by Plaintiff, and again asked to reschedule, this time for July 21, 2015. (Motion to Compel [Dkt. No. 61, p. 8].)

22.     Plaintiff again agreed, proposing another time for the meet-and-confer conference on July 21, 2015. (Motion to Compel [Dkt. No. 61, p. 8].)

23.     Once again, Defendant did not promptly respond, but indicated it would contact Plaintiff later in the week.  (Motion to Compel [Dkt. No. 61, p. 8].)

24.     Plaintiff then warned Defendant that time was of the essence, and that a motion to compel would be filed if Defendant did not commit to a specific time and date for the meet-and-confer conference.  (Motion to Compel [Dkt. No. 61, p. 8].)

25.     Notwithstanding the warning, Defendant did not respond regarding setting a meet-and-confer conference until July 27, 2015. (Motion to Compel [Dkt. No. 61, p. 8].)

26.     The parties finally met for a meet-and-confer conference on July 28, 2015. (Motion to Compel [Dkt. No. 61, p. 9].)

27.     At the conference, Defendant agreed to supplement virtually every response to Plaintiff's Discovery Request, and to produce all responsive documents by August 7, 2015. (Motion to Compel [Dkt. No. 61, p. 9].)

28.     August 7, 2015, passed without Defendant serving any supplemental responses, or producing any documents. (Motion to Compel [Dkt. No. 61, p. 9].)

29.     Nevertheless, Plaintiff gave Defendant one final chance to adequately respond to Plaintiff's Discovery Request by April 17, 2015, before a motion to compel would be filed. (Motion to Compel [Dkt. No. 61, p. 9].)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

30.    Defendant ignored the final chance and failed to respond. (Motion to Compel [Dkt. No. 61, p. 9].)

31.    Plaintiff filed its Motion to Compel on August 26, 2015. [Dkt. No. 61.]

32.    Pursuant to Local Rule 37-3, Plaintiff invited Defendant to submit its position regarding its failure to adequately respond to Plaintiff's Discovery Request, but Defendant did not do so. (Motion to Compel [Dkt. No. 61, p. 9].)

33.    Defendant never filed an opposition or otherwise responded to Plaintiff's Motion to Compel.

34.    On September 3, 2015, Defendant served supplemental responses to the interrogatories and requests for admission contained within Plaintiff's Discovery Request. (Motion for Entry of Default Judgment Pursuant to the Court's October 5, 2015, Order ("Motion for Entry of Default Judgment") [Dkt. No. 73, attach. 1, p. 3].)[1]

35.    The supplemental responses were still deficient, and the interrogatories were unverified. (Motion for Entry of Default Judgment [Dkt. No. 73, attach. 1, pp. 3-4].)

36.    On September 24, 2015, Plaintiff informed Defendant that its supplemental responses to Plaintiff's Discovery Request were still deficient, the supplemental interrogatory responses were unverified, and that Defendant had failed to supplement its responses to Plaintiff's request for production contained within Plaintiff's Discovery Request.  (Motion for Entry of Default Judgment [Dkt. No. 73, attach. 1, p. 4].)

37.    The Court took the Motion to Compel under submission on September 29, 2015.  [Dkt. No. 68.]

---

[1]    The page numbers referenced for attachment 1 to Dkt. No. 73 refer to the page number of the pleading itself, and not to the page number electronically generated by the ECF system.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

38.     On October 2, 2015, Defendant provided a supplemental response to Plaintiff's request for production contained within Plaintiff's Discovery Request, producing only two pages of documents, and finally provided a verification of its supplemental interrogatory responses.  (Motion for Entry of Default Judgment [Dkt. No. 73, attach. 1, p. 4].)

39.     Defendant's supplemental response to Plaintiff's request for production was deficient.  (Motion for Entry of Default Judgment [Dkt. No. 73, attach. 1, p. 5].)

40.     On October 5, 2015, the Court issued its Order Granting Plaintiff's Motion to Compel Further Responses to Written Discovery and Production of Documents, and for Sanctions ("Order to Compel").  [Dkt No. 72.]

41.     The Order to Compel found that the discovery responses of Defendant were "deficient," and that Defendant had employed "dilatory tactics" that were "a waste of this Court's time."  (Order to Compel [Dkt No. 72, p. 2].)

42.     The Order to Compel awarded sanctions in favor of Plaintiff and against Defendant in the amount of $4,024.50.  (Order to Compel [Dkt No. 72, p. 2].)

43.     Defendant has never paid the amount of sanctions awarded to Plaintiff. (Arguments of David von Gunten, counsel for Plaintiff, in open Court on November 16, 2015.)

44.     The Order to Compel ordered Defendant "to file a supplemental to each disputed interrogatory in good faith and to produce all documents requested not subject to valid objections by 10:00 A.M. October 12, 2015." (Order to Compel [Dkt No. 72, p. 2].)

45.     The Order to Compel further stated that "[i]n the event that Defendant does not comply with this Court's Order, *default judgment will be entered against it.*"  (Order to Compel [Dkt No. 72, p. 2] *(emphasis added)*.)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

46.     Defendant did not file any supplemental responses to Plaintiff's Discovery Request by 10:00 a.m. on October 12, 2015.

47.     Although Defendant claimed its counsel was unaware of the Order to Compel and its contents until after October 12, 2015 (Defendant's Opposition to Motion for Default Judgment [Dkt. No. 80-1, p. 7]), Defendant was specifically made aware of the Order to Compel on October 9, 2015, by Plaintiff's counsel. (Plaintiff's Reply in Support of Motion for Entry of Default Judgment Pursuant to the Court's October 5, 2015 Order ("Plaintiff's Reply for Entry of Default Judgment") [Dkt. No. 83, p. 8].)

48.     After 10:00 a.m. had passed with no response from Defendant, Plaintiff filed its Motion for Entry of Default Judgment on October 12, 2015. [Dkt. No. 73.]

49.     In Defendant's Opposition to Motion for Default Judgment ("Defendant's Opposition"), filed October 22, 2015, Defendant claimed it had served a third set of responses to Plaintiff's Discovery Request, and would provide additional responses to interrogatories based on information from a designated expert witness by November 1, 2015. [Dkt. No. 80-1, pp. 8-10.]

50.     Defendant's representations that it had served a third set of responses to Plaintiff's Discovery Request were a misrepresentation to the Court, because no third set of responses to Plaintiff's Discovery Request had been served on Plaintiff as of the filing of Defendant's Opposition.  (Plaintiff's Reply for Entry of Default Judgment,  [Dkt. No. 83, p. 9].)

51.     Defendant's claim that it would provide additional responses from a designated expert witness were facially insufficient and unjustified because the time period for Defendant to designate an expert witness had long passed as of the filing of Defendant's Opposition. (Plaintiff's Motion *in Limine* to Exclude Defendant's

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

Exhibits 60 and 63 and the Testimony of Irving S. Rappaport. [Dkt. No. 91-1, p.3].)[2]

52. Although Defendant had not disclosed any documents or tangible items in its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and had only produced two documents in response to Plaintiff's Discovery Request, as of October 19, 2015, Defendant listed 15 exhibits on the parties' Joint Exhibit List that it sought to introduce at the trial of this matter. (Plaintiff's Motion *in Limine* to Exclude Defendant's Exhibits 47-60 and 63. [Dkt. No. 89-1, p. 3].)[3]

53. Further, although Defendant had not disclosed any persons with knowledge relevant to disputed facts its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), other than Ramin Tabibnia, as of October 19, 2015, Defendant listed 14 potential trial witnesses on its Witness List who had not been previously disclosed by Defendant. (Plaintiff's Motion *in Limine* to Exclude All Fact Witnesses on Defendant's Witness List, Except for Ramin Tabibnia. [Dkt. No. 90-1, p. 3].)[4]

54. Defendant finally served its third set of responses to the interrogatories and requests for admission contained within Plaintiff's Discovery Request on November 2, 2015.

55. However, such supplemental responses contained significant and important information not previously produced or disclosed by Defendant, including but not limited to information regarding the existence of a mold device

---

[2] The page numbers referenced for Dkt. No. 91-1 refer to the page number of the pleading itself, and not to the page number electronically generated by the ECF system.

[3] The page numbers referenced for Dkt. No. 89-1 refer to the page number of the pleading itself, and not to the page number electronically generated by the ECF system.

[4] The page numbers referenced for Dkt. No. 90-1 refer to the page number of the pleading itself, and not to the page number electronically generated by the ECF system.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT

1    used to make a notched washer, which is a critical element of the Patent.

2    (Arguments of David von Gunten, counsel for Plaintiff, in open Court on

3    November 16, 2015.)

4         56.    Previously, Plaintiff had stated in written discovery and deposition

5    testimony that the notched washer had been made by cutting plastic, and/or a three

6    dimensional printer, but as of November 2, 2015, claimed that a mold to make the

7    notched washer existed, which mold had never been produced.  (Arguments of

8    David von Gunten, counsel for Plaintiff, in open Court on November 16, 2015.)

9         57.    Defendant never produced any copies of the notched washer, because

10   Defendant claimed it had destroyed all of the notched washers it made when it

11   learned that Plaintiff had commenced this action.  (Arguments of Shahrooz

12   Tabibnia, counsel for Defendant in open Court on November 16, 2015; Plaintiff's

13   Motion for Spoliation Sanctions [Dkt No. 92-1, pp. 3-5].)[5]

14                        **CONCLUSIONS OF LAW**

15        58.    "Where a party so damages the integrity of the discovery process that

16   there can never be assurance of proceeding on the true facts, a case dispositive

17   sanction may be appropriate." *Connecticut Gen. Life Ins. Co. v. New Images of*

18   *Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (quoting *Valley Eng'rs v.*

19   *Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)).

20        59.    This case is such a case.  Defendant has so damaged the integrity of

21   the discovery process, as well as the litigation process itself, that a case dispositive

22   motion is appropriate.

23        60.    Defendant demonstrated a complete inability to comply with virtually

24   any deadline in this case, whether the deadline was set by agreement of the parties

25   or the Court. Defendant significantly delayed responding to discovery, meeting and

26   

27   ───────────
[5]  The page numbers referenced for Dkt. No. 92-1 refer to the page number of the
pleading itself, and not to the page number electronically generated by the ECF
system.

28   

10.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

conferring over discovery disputes, and supplementing discovery.  Further, when Defendant actually responded to discovery, such responses were routinely, significantly, and unrelentingly, deficient.  Most importantly, when the Court ordered Defendant to respond to Plaintiff's Discovery with supplemental responses by 10:00 a.m. on October 12, 2015, Defendant allowed the deadline to pass without any effort or comment.  Defendant did so despite the Court's clear admonition that a failure to comply with the Order to Compel would result in entry of default judgment.  The fact that additional supplementation of discovery was necessary is evidenced by Defendant providing further discovery responses, but not until November 2, 2015, and those responses provided information never before disclosed or produced.

61.    Defendant further demonstrated a lack of respect for virtually every other deadline in this case: Defendant sought to designate an expert well past the due date for designations, complaining in various pleadings that Plaintiff's expert designation was last minute, even though Defendant admitted the designation was timely (*see e.g.* Defendant Tile Tech, Inc.'s Ex Parte Application to Continue the Trial and Reopen Discovery [Dkt. No. 94-1, p.2]); Defendant did not respond to Plaintiff's Motion to Compel; Defendant did not object to Plaintiff's Motion to Amend Complaint, filed September 21, 2015, but later complained in various pleadings that the Motion to Amend was last minute (*see e.g.* Defendant Tile Tech, Inc.'s Ex Parte Application to Continue the Trial and Reopen Discovery [Dkt. No. 94-1, p.2]), and Defendant even failed to answer the amended Complaint.

62.    Defendant further failed to disclose or produce in response to discovery information regarding relevant witnesses and exhibits, but then sought to designate previously undisclosed witnesses and exhibits for trial.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

63.     Defendant also committed spoliation of evidence by admittedly destroying products which infringed the Patent, doing so after Defendant knew of the existence of this lawsuit.

64.     Such extremely abusive practices by Defendant, which were committed and sustained over the entire course of this action, damage the integrity of not only the discovery process, but also the orderly progress of litigation before this Court.  Such behavior makes it so there is no assurance that this matter can proceed to trial on the true facts.  Due to the fact that full, fair, and adequate discovery could not be obtained by Plaintiff, preventing any ability to determine damages with any precision, Plaintiff is entitled to an award of its reasonable attorney's fees and costs under the relevant statutes.

65.     The entry of judgment by default against the Defendant is therefore appropriate and authorized.

## ENTRY OF JUDGMENT

## I.     FIRST CLAIM FOR RELIEF (PATENT INFRINGEMENT)

66.     Plaintiff's First Claim for Relief is for infringement by Defendant of a United States patent for a "Support Pedestal having an anchoring washer for securing elevated surface tiles," patent number 8,302,356, with a date of patent of November 6, 2012 (the "Patent").

67.     Defendant has infringed upon the Patent.

68.     Defendant's infringement of the Patent is willful.

69.     Defendant's infringement of the Patent has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law.

70.     Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of infringement of the Patent,

including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the Patent, or any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States.

71.    Defendant shall immediately surrender to Plaintiff any mold, or other device, by which any notched washer utilized with the Patent was made, and any and all notched washers made by Plaintiff.

72.    Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees, costs and disbursements incurred in this action.

73.    Plaintiff shall submit an affidavit or affidavits detailing its fees and costs within seven days of the date of entry of this Judgment detailing its attorney's fees and costs in order for the Court to determine the reasonable amount of the fees and costs to be awarded to Plaintiff.

## II.    SECOND CLAIM FOR RELIEF (CONTRIBUTORY PATENT INFRINGEMENT)

74.    Plaintiff's Second Claim for Relief is for contributory infringement by Defendant of the Patent.

75.    Defendant knew or should have known that its activities infringed upon the Patent.

76.    Defendant sold or distributed products, which infringed upon the Patent, to others who have resold and/or used the products which infringed upon the Patent in the United States.

77.    The products which infringed upon the Patent are not a staple article of commerce and have no substantial non-infringing use.

78.    Defendant's conduct constitutes contributory patent infringement.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

79.     Defendant's conduct has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law.

80.     Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of infringement of the Patent, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the Patent, or any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States.

81.     Defendant shall immediately surrender to Plaintiff any mold, or other device, by which any notched washer utilized with the Patent was made, and any and all notched washers made by Plaintiff.

82.     Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees, costs and disbursements incurred in this action.

83.     Plaintiff therefore shall submit an affidavit or affidavits detailing its fees and costs within seven days of the date of entry of this Judgment detailing its attorney's fees and costs in order for the Court to determine the reasonable amount of the fees and costs to be awarded to Plaintiff.

## III.   THIRD CLAIM FOR RELIEF (INDUCED PATENT INFRINGEMENT)

84.     Plaintiff's Third Claim for Relief is for induced infringement by Defendant of the Patent.

85.     Defendant had actual knowledge of the Patent prior to the filing of this action.

86.     Defendant actively encouraged others to sell and/or use the products which infringed upon the Patent in the United States despite having knowledge of the Patent.

87.     Defendant did not have a good faith basis for its sales and offers to sell the products which infringed upon the Patent in the United States.

88.     Defendant's actions constitute inducement of infringement of the Patent.

89.     Defendant's conduct has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law.

90.     Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of infringement of the Patent, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the Patent, or any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States.

91.     Defendant shall immediately surrender to Plaintiff any mold, or other device, by which any notched washer utilized with the Patent was made, and any and all notched washers made by Plaintiff.

92.     Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees, costs and disbursements incurred in this action.

93.     Plaintiff therefore shall submit an affidavit or affidavits detailing its fees and costs within seven days of the date of entry of this Judgment detailing its attorney's fees and costs in order for the Court to determine the reasonable amount of the fees and costs to be awarded to Plaintiff.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

**IV.   FOURTH CLAIM FOR RELIEF (UNFAIR COMPETITION)**

94.    Plaintiff's Fourth Claim for Relief is for unfair competition.

95.    Defendant used images of Plaintiff's products, projects, and drawings on its website and through other marketing materials, thereby misrepresenting that such products, projects and drawings are the products, projects and drawings of Defendant.

96.    Defendant's use of images of Plaintiff's products, projects, and drawings, and representations that these goods and services belonged to, or are manufactured by Defendant is likely to deceive, mislead or cause confusion with prospective purchasers to the detriment of Plaintiff.

97.    Defendant has used the images of Plaintiff's products, projects and drawings in interstate commerce.

98.    Defendant's conduct violates Section 43(a) of the Lanham Act as well as the common law of unfair competition.

99.    Defendant's conduct has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law.

100.   Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of unfair competition, including using images of Plaintiff's products, projects and drawings on its website and in any other marketing materials.

//

//

//

//

16.

101.   Defendant shall immediately remove from is website or any of its marketing materials, images of Plaintiff's products, projects and drawings.

DATED: December 1, 2015

_____

Hon. Manuel L. Real
United States District Court Judge

17.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY OF JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28