David von Gunten (*Pro Hac Vice*)
VON GUNTEN LAW LLC
2696 S. Colorado Blvd., Suite 302
Denver, Colorado 80222
Tel.: (303) 504-0055  Fax: (303) 504-0044
dcvglaw@msn.com

Michelle J. Correll (Cal. Bar No. 229488)
SMITH CORRELL LLP
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel.: (213) 443-6222  Fax: (877) 730-5910
mcorrell@smithcorrell.com

Attorneys for Plaintiff
United Construction Products, Inc.
d/b/a Bison Innovative Products

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| UNITED CONSTRUCTION PRODUCTS, INC. D/B/A BISON INNOVATIVE PRODUCTS<br><br>Plaintiff,<br><br>v.<br><br>TILE TECH, INC.<br><br>Defendant. | Case No. 2:14-CV-08570-R-VBK<br><br>Hon. Manuel L. Real, Courtroom 8<br><br>**JUDGMENT** |

1.

**JUDGMENT**

The Court, having GRANTED Plaintiff's Motion for Entry of Default Judgment, enters judgment as follows:

## I. FIRST CLAIM FOR RELIEF (PATENT INFRINGEMENT)

Plaintiff's First Claim for Relief is for infringement by Defendant of a United States patent for a "Support Pedestal having an anchoring washer for securing elevated surface tiles," patent number 8,302,356, with a date of patent of November 6, 2012 (the "Patent").

Having found that Defendant has infringed upon the Patent; Defendant's infringement of the Patent is willful; and Defendant's infringement of the Patent has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law, IT IS HEREBY ORDERED AND ADJUDGED that:

(1) Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of infringement of the Patent, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the Patent, or any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States.

(2) Defendant shall immediately surrender to Plaintiff any mold, or other device, by which any notched washer utilized with the Patent was made, and any and all notched washers made by Plaintiff.

(3) Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees, costs and disbursements incurred in this action.

(4) Plaintiff shall submit an affidavit or affidavits detailing its fees and

costs within seven days of the date of entry of this Judgment detailing its attorney's fees and costs in order for the Court to determine the reasonable amount of the fees and costs to be awarded to Plaintiff.

**II.    SECOND CLAIM FOR RELIEF (CONTRIBUTORY PATENT INFRINGEMENT)**

Plaintiff's Second Claim for Relief is for contributory infringement by Defendant of the Patent.

Having found that Defendant knew or should have known that its activities infringed upon the Patent; Defendant sold or distributed products, which infringed upon the Patent, to others who have resold and/or used the products which infringed upon the Patent in the United States; the products which infringed upon the Patent are not a staple article of commerce and have no substantial non-infringing use; Defendant's conduct constitutes contributory patent infringement; and Defendant's conduct has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law, IT IS HEREBY ORDERED AND ADJUDGED that:

(1)    Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of infringement of the Patent, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the Patent, or any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States.

(2)    Defendant shall immediately surrender to Plaintiff any mold, or other device, by which any notched washer utilized with the Patent was made, and any and all notched washers made by Plaintiff.

(3)     Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees, costs and disbursements incurred in this action.

(4)     Plaintiff shall submit an affidavit or affidavits detailing its fees and costs within seven days of the date of entry of this Judgment detailing its attorney's fees and costs in order for the Court to determine the reasonable amount of the fees and costs to be awarded to Plaintiff.

### III.     THIRD CLAIM FOR RELIEF (INDUCED PATENT INFRINGEMENT)

Plaintiff's Third Claim for Relief is for induced infringement by Defendant of the Patent.

Having found that Defendant had actual knowledge of the Patent prior to the filing of this action; Defendant actively encouraged others to sell and/or use the products which infringed upon the Patent in the United States despite having knowledge of the Patent; Defendant did not have a good faith basis for its sales and offers to sell the products which infringed upon the Patent in the United States; Defendant's actions constitute inducement of infringement of the Patent; and Defendant's conduct has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law, IT IS HEREBY ORDERED AND ADJUDGED that:

(1)     Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of infringement of the Patent, including making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the Patent, or any substantially similar adjustable building surface

support product sold, advertised, marketed or promoted in the United States.

(2) Defendant shall immediately surrender to Plaintiff any mold, or other device, by which any notched washer utilized with the Patent was made, and any and all notched washers made by Plaintiff.

(3) Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees, costs and disbursements incurred in this action.

(4) Plaintiff shall submit an affidavit or affidavits detailing its fees and costs within seven days of the date of entry of this Judgment detailing its attorney's fees and costs in order for the Court to determine the reasonable amount of the fees and costs to be awarded to Plaintiff.

## IV.  **FOURTH CLAIM FOR RELIEF (UNFAIR COMPETITION)**

Plaintiff's Fourth Claim for Relief is for unfair competition.

Having found that Defendant used images of Plaintiff's products, projects, and drawings on its website and through other marketing materials, thereby misrepresenting that such products, projects and drawings are the products, projects and drawings of Defendant; Defendant's use of images of Plaintiff's products, projects, and drawings, and representations that these goods and services belonged to, or are manufactured by Defendant is likely to deceive, mislead or cause confusion with prospective purchasers to the detriment of Plaintiff; Defendant has used the images of Plaintiff's products, projects and drawings in interstate commerce; Defendant's conduct violates Section 43(a) of the Lanham Act as well as the common law of unfair competition; and Defendant's conduct has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law, IT IS HEREBY ORDERED AND ADJUDGED that:

(1) Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary

entities, and any and all persons in act of concert or participation with any of them are permanently enjoined from any and all acts of unfair competition, including using images of Plaintiff's products, projects and drawings on its website and in any other marketing materials.

      (2)    Defendant shall immediately remove from is website or any of its marketing materials, images of Plaintiff's products, projects and drawings.

DATED: December 1, 2015           _____

                                      Hon. Manuel L. Real
                                      United States District Court Judge