1  David von Gunten (*Pro Hac Vice*)
   VON GUNTEN LAW LLC
2  2696 S. Colorado Blvd., Suite 302
   Denver, Colorado 80222
3  Tel.: (303) 504-0055  Fax: (303) 504-0044
   dcvglaw@msn.com
4  Michelle J. Correll (Cal. Bar No. 229488)
   SMITH CORRELL LLP
5  11766 Wilshire Blvd., Suite 1670
   Los Angeles, CA 90025
6  Tel.: (213) 443-6222  Fax: (877) 730-5910
   mcorrell@smithcorrell.com
7
8  Attorneys for Plaintiff
   United Construction Products, Inc.
9  d/b/a Bison Innovative Products

10
11                  UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

13  UNITED CONSTRUCTION              Case No. 2:14-CV-08570-R-VBK
    PRODUCTS, INC. D/B/A BISON
14  INNOVATIVE PRODUCTS               Hon. Manuel L. Real, Courtroom 8

15              Plaintiff,           **JUDGMENT**
16
17      v.
18  TILE TECH, INC.
19              Defendant.
20
21
22
23
24
25
26
27
28

                                    1.

                                 **JUDGMENT**

1    The Court, having GRANTED Plaintiff's Motion for Entry of Default

2 Judgment, enters judgment as follows:

3 **I.    FIRST CLAIM FOR RELIEF (PATENT INFRINGEMENT)**

4    Plaintiff's First Claim for Relief is for infringement by Defendant of a United

5 States patent for a "Support Pedestal having an anchoring washer for securing

6 elevated surface tiles," patent number 8,302,356, with a date of patent of November

7 6, 2012 (the "Patent").

8    Having found that Defendant has infringed upon the Patent; Defendant's

9 infringement of the Patent is willful; and Defendant's infringement of the Patent

10 has caused and is continuing to cause irreparable injury to Plaintiff, and Plaintiff

11 has no adequate remedy at law, IT IS HEREBY ORDERED AND ADJUDGED

12 that:

13    (1)    Defendant, its agents, servants, officers, directors, employees,

14 attorneys, privies, representatives, successors, assigns and parent and subsidiary

15 entities, and any and all persons in act of concert or participation with any of them

16 are permanently enjoined from any and all acts of infringement of the Patent,

17 including making, using, importing, selling, offering for sale, advertising,

18 marketing or promoting the sale of any adjustable building surface support product

19 incorporating the Patent, or any substantially similar adjustable building surface

20 support product sold, advertised, marketed or promoted in the United States.

21    (2)    Defendant shall immediately surrender to Plaintiff any mold, or other

22 device, by which any notched washer utilized with the Patent was made, and any

23 and all notched washers made by Plaintiff.

24    (3)    Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to

25 recover from Defendant its reasonable attorney's fees, costs and disbursements

26 incurred in this action.

27    (4)    Plaintiff shall submit an affidavit or affidavits detailing its fees and

28

2.

**JUDGMENT**

costs within seven days of the date of entry of this Judgment detailing its attorney's

fees and costs in order for the Court to determine the reasonable amount of the fees

and costs to be awarded to Plaintiff.

## II.  SECOND CLAIM FOR RELIEF (CONTRIBUTORY PATENT INFRINGEMENT)

Plaintiff's Second Claim for Relief is for contributory infringement by

Defendant of the Patent.

Having found that Defendant knew or should have known that its activities

infringed upon the Patent; Defendant sold or distributed products, which infringed

upon the Patent, to others who have resold and/or used the products which infringed

upon the Patent in the United States; the products which infringed upon the Patent

are not a staple article of commerce and have no substantial non-infringing use;

Defendant's conduct constitutes contributory patent infringement; and Defendant's

conduct has caused and is continuing to cause irreparable injury to Plaintiff, and

Plaintiff has no adequate remedy at law, IT IS HEREBY ORDERED AND

ADJUDGED that:

(1)    Defendant, its agents, servants, officers, directors, employees,

attorneys, privies, representatives, successors, assigns and parent and subsidiary

entities, and any and all persons in act of concert or participation with any of them

are permanently enjoined from any and all acts of infringement of the Patent,

including making, using, importing, selling, offering for sale, advertising,

marketing or promoting the sale of any adjustable building surface support product

incorporating the Patent, or any substantially similar adjustable building surface

support product sold, advertised, marketed or promoted in the United States.

(2)    Defendant shall immediately surrender to Plaintiff any mold, or other

device, by which any notched washer utilized with the Patent was made, and any

and all notched washers made by Plaintiff.

1    (3)    Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to

2  recover from Defendant its reasonable attorney's fees, costs and disbursements

3  incurred in this action.

4    (4)    Plaintiff shall submit an affidavit or affidavits detailing its fees and

5  costs within seven days of the date of entry of this Judgment detailing its attorney's

6  fees and costs in order for the Court to determine the reasonable amount of the fees

7  and costs to be awarded to Plaintiff.

8  **III.    THIRD CLAIM FOR RELIEF (INDUCED PATENT**

9  **INFRINGEMENT)**

10    Plaintiff's Third Claim for Relief is for induced infringement by Defendant

11  of the Patent.

12    Having found that Defendant had actual knowledge of the Patent prior to the

13  filing of this action; Defendant actively encouraged others to sell and/or use the

14  products which infringed upon the Patent in the United States despite having

15  knowledge of the Patent; Defendant did not have a good faith basis for its sales and

16  offers to sell the products which infringed upon the Patent in the United States;

17  Defendant's actions constitute inducement of infringement of the Patent; and

18  Defendant's conduct has caused and is continuing to cause irreparable injury to

19  Plaintiff, and Plaintiff has no adequate remedy at law, IT IS HEREBY ORDERED

20  AND ADJUDGED that:

21    (1)    Defendant, its agents, servants, officers, directors, employees,

22  attorneys, privies, representatives, successors, assigns and parent and subsidiary

23  entities, and any and all persons in act of concert or participation with any of them

24  are permanently enjoined from any and all acts of infringement of the Patent,

25  including making, using, importing, selling, offering for sale, advertising,

26  marketing or promoting the sale of any adjustable building surface support product

27  incorporating the Patent, or any substantially similar adjustable building surface

28

1   support product sold, advertised, marketed or promoted in the United States.

2       (2)    Defendant shall immediately surrender to Plaintiff any mold, or other

3   device, by which any notched washer utilized with the Patent was made, and any

4   and all notched washers made by Plaintiff.

5       (3)    Pursuant to 35 U.S.C. § 284 and/or § 285, Plaintiff is entitled to

6   recover from Defendant its reasonable attorney's fees, costs and disbursements

7   incurred in this action.

8       (4)    Plaintiff shall submit an affidavit or affidavits detailing its fees and

9   costs within seven days of the date of entry of this Judgment detailing its attorney's

10  fees and costs in order for the Court to determine the reasonable amount of the fees

11  and costs to be awarded to Plaintiff.

12  **IV.    FOURTH CLAIM FOR RELIEF (UNFAIR COMPETITION)**

13      Plaintiff's Fourth Claim for Relief is for unfair competition.

14      Having found that Defendant used images of Plaintiff's products, projects,

15  and drawings on its website and through other marketing materials, thereby

16  misrepresenting that such products, projects and drawings are the products, projects

17  and drawings of Defendant; Defendant's use of images of Plaintiff's products,

18  projects, and drawings, and representations that these goods and services belonged

19  to, or are manufactured by Defendant is likely to deceive, mislead or cause

20  confusion with prospective purchasers to the detriment of Plaintiff; Defendant has

21  used the images of Plaintiff's products, projects and drawings in interstate

22  commerce; Defendant's conduct violates Section 43(a) of the Lanham Act as well

23  as the common law of unfair competition; and Defendant's conduct has caused and

24  is continuing to cause irreparable injury to Plaintiff, and Plaintiff has no adequate

25  remedy at law, IT IS HEREBY ORDERED AND ADJUDGED that:

26      (1)    Defendant, its agents, servants, officers, directors, employees,

27  attorneys, privies, representatives, successors, assigns and parent and subsidiary

28

5.

**JUDGMENT**

1   entities, and any and all persons in act of concert or participation with any of them

2   are permanently enjoined from any and all acts of unfair competition, including

3   using images of Plaintiff's products, projects and drawings on its website and in

4   any other marketing materials.

5       (2)    Defendant shall immediately remove from is website or any of its

6   marketing materials, images of Plaintiff's products, projects and drawings.

7

8

9

10

11   DATED: December 1, 2015          _____

                                        Hon. Manuel L. Real

12                               United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.

**JUDGMENT**