# United States Court of Appeals for the Federal Circuit

---

**UNITED CONSTRUCTION PRODUCTS, INC., D/B/A BISON INNOVATIVE PRODUCTS,**
*Plaintiff-Appellee*

v.

**TILE TECH, INC.,**
*Defendant-Appellant*

---

2016-1392

---

Appeal from the United States District Court for the Central District of California in No. 2:14-CV-08570-R-VBK, Judge Manuel L. Real.

---

Decided: December 15, 2016

---

DAVID VON GUNTEN, von Gunten Law LLC, Denver, CO, argued for plaintiff-appellee.  Also represented by MICHELLE CORRELL, Smith Correll LLP, Los Angeles, CA.

KELLY W. CUNNINGHAM, Cislo & Thomas LLP, Los Angeles, CA, argued for defendant-appellant.

---

Before MOORE, WALLACH, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Tile Tech, Inc. ("Tile Tech") appeals the decision of the U.S. District Court for the Central District of California ("District Court") granting default judgment and a permanent injunction to United Construction Products, Inc., doing business as Bison Innovative Products ("United"), on claims of patent infringement and unfair competition. *See United Constr. Prods., Inc. v. Tile Tech, Inc.*, No. 2:14-cv-08570-R-VBK, 2015 WL 7776795, at *6−8 (C.D. Cal. Dec. 1, 2015). We affirm.

## BACKGROUND

This case comes to our court following a series of delays, missed deadlines, and other procedural missteps by Tile Tech that are necessary to describe in full. United brought suit against Tile Tech claiming infringement of U.S. Patent No. 8,302,356 ("the '356 patent"), which is entitled "Support Pedestal Having an Anchoring Washer for Securing Elevated Surface Tiles." '356 patent col. 1 ll. 1−3. Following transfer of the case to the District Court, *United,* 2015 WL 7776795, at *1, United served Tile Tech with its first set of discovery requests, including interrogatories, requests for admission, and requests for production, J.A. 140, 149, 282. Tile Tech missed the deadline to respond to the discovery requests, and when contacted by United, it claimed that it had not received the requests. *United*, 2015 WL 7776795, at *2. Although service of the requests was valid, United granted Tile Tech twenty additional days to respond. *Id.* Tile Tech then requested two additional extensions and finally served initial responses to United nearly one month after the original response deadline. *Id.*

Tile Tech's responses to United's discovery requests were deficient. *Id.* United requested a conference regarding the responses and Tile Tech agreed, but two hours before the scheduled conference, Tile Tech requested that it be rescheduled. *Id.* United agreed and provided a five hour time frame on Tile Tech's proposed date; Tile Tech

responded on the proposed rescheduled date and again asked to postpone. *Id.* The conference was postponed a third time, and eventually occurred following United's warning to Tile Tech that it would file a motion to compel if Tile Tech did not commit to a time for the conference. *Id.* At the conference, Tile Tech agreed to "supplement virtually every response to [United]'s Discovery Request[s] and to produce all responsive documents" by an agreed-upon date. *Id.*

The agreed-upon date passed with no response from Tile Tech. *Id.* United offered to give Tile Tech ten additional days beyond the agreed-upon date to adequately respond. *Id.* at *3. When Tile Tech again failed to respond to the discovery requests, United filed a Motion to Compel Further Responses to Written Discovery and Production of Documents and for Sanctions ("Motion to Compel"). *Id.*; J.A. 221. Tile Tech never responded to the Motion to Compel. *United*, 2015 WL 7776795, at *3. It instead served supplemental responses to the discovery requests, which were still deficient, including unverified responses to the interrogatories. *Id.* The District Court took the Motion to Compel under submission, and Tile Tech proceeded to provide a third set of deficient supplemental responses. *Id.*

The District Court issued an Order to Compel on October 5, 2015. J.A. 421–23. It found that, inter alia, Tile Tech had "failed to produce a single document in response to [United]'s document requests and ha[d] failed to supplement its deficient discovery responses," and such actions "create . . . a waste of this [c]ourt's time." J.A. 421, 422. The District Court ordered Tile Tech to respond to the discovery requests, imposed monetary sanctions, and warned that it would enter default judgment if Tile Tech did not comply with the Order by October 12, 2015. J.A. 422. United's attorney stated in his declaration, and the District Court found, that he informed Tile Tech's attorney during a deposition on October 9, 2015, that the

4   UNITED CONSTR. PRODS., INC. v. TILE TECH, INC.

Order to Compel had issued and that it included sanctions. J.A. 918; *United*, 2015 WL 7776795, at *4.

Tile Tech failed to respond to the Order.[1] On October 12, 2015, United filed its Motion for Entry of Default Judgment. J.A. 756–65. Tile Tech responded and claimed that it had not known of the Order's response deadline; that it had produced a set of supplemental responses to the discovery requests; and that it required an expert opinion to fully respond to part of the discovery requests, which would be forthcoming. J.A. 813–14. The District Court found that Tile Tech's claim of producing additional responses was a "misrepresentation to the [c]ourt" because no responses had been served as of the filing of Tile Tech's Opposition to Motion for Default Judgment. *United,* 2015 WL 7776795, at *4. In addition, the District Court held Tile Tech's claim that it would provide an expert witness was "facially insufficient and unjustified" because the time to designate an expert witness had "long passed." *Id.* Moreover, although Tile Tech had produced only two documents during the prolonged discovery period, both of which were non-responsive, and had not disclosed any persons with relevant knowledge in response to interrogatories pursuant to Federal Rule of Civil Procedure 26(a)(1),[2] it nonetheless

---

[1] Counsel for Tile Tech acknowledged at Oral Argument that the sanctions mandated in the Order still have not been paid. *See* Oral Argument at 1:25−2:05, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1392.mp3.

[2] Federal Rule of Civil Procedure 26(a)(1) states, inter alia:

> [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable in-

listed over a dozen exhibits and over a dozen potential trial witnesses in its Joint Exhibit and Witness Lists disclosed at the end of the discovery period. *Id.*

On November 2, 2015, Tile Tech finally served another set of supplemental responses, which contained information disclosing its destruction of a previously undisclosed mold used to make one key component of the disputed support pedestal. *Id.* at *5. United filed a Motion for Spoliation Sanctions, J.A. 1090–97, and filed an unopposed Amended Complaint adding a claim for unfair competition, to which Tile Tech never responded, J.A. 404–11 (Amended Complaint); *United*, 2015 WL 7776795, at *5 (finding that Tile Tech never responded to the Amended Complaint). The District Court later entered default judgment, granted relief for all of United's claims, and entered a permanent injunction. *United*, 2015 WL 7776795, at *6–8.

Tile Tech timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012).

## DISCUSSION

Tile Tech raises two principal arguments on appeal, one concerning the entry of default judgment and the other related to the scope of the District Court's permanent injunction. Appellant's Br. 14–28, 29–33. "A decision to sanction a litigant [by ordering default judgment] pursuant to Fed[eral] R[ule of] Civ[il] P[rocedure] 37[3] is

---

formation . . . [and] (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession . . . .

[3] Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the

one that is not unique to patent law . . . and we therefore apply regional circuit law to that issue . . . ." *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed. Cir. 2009) (internal quotation marks and citation omitted); *see also Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1297 (Fed. Cir. 2016) (considering an appellant's challenge to the imposition of default judgment and stating that "[w]e are guided by regional circuit law when reviewing discovery rulings . . . and the imposition of sanctions" (internal citations omitted)).  In this case, we look to Ninth Circuit precedent, and the relevant standard is articulated below.  Because the injunction "enjoins the violation of a[] right secured by a patent . . . [it] involves substantive matters unique to patent law and, therefore, is governed by the law of this court." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988); *see Signtech USA, Ltd. v. Vutek, Inc.*, 174 F.3d 1352, 1356 (Fed. Cir. 1999) (applying Federal Circuit law as the standard of review for the scope of an injunction).  We similarly articulate the applicable standard for this issue below.

### I. Default Judgment

#### A. The *Malone* Factors Support the Grant of Default Judgment

Under Ninth Circuit precedent, a court must consider the following five factors from *Malone v. United States Postal Service* before entering default judgment: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring disposition of cases on their merits; and (5) the avail-

---

action is pending may issue further just orders . . . [including] rendering a default judgment against the disobedient party . . . ."

UNITED CONSTR. PRODS., INC. v. TILE TECH, INC.               7

ability of less drastic sanctions." 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation marks and citation omitted). "It is not necessary for a district court to make explicit findings to show that it has considered these factors" and, on appeal, the court "may review the record independently" for abuse of discretion. *Id.* (citations omitted). The sanction of default judgment is "appropriate only . . . where the violation is due to willfulness, bad faith, or fault of the party." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (internal quotation marks and citation omitted) (reviewing district court's entry of default judgment based on discovery violations). A default judgment will be overturned "only if [the appeals court] ha[s] a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (internal quotation marks and citations omitted). We address these factors in turn.

### 1. The Public's Interest in Expeditious Resolution of Litigation

The first *Malone* factor, the public's interest in expeditious resolution of litigation, weighs in support of the District Court's decision to enter default judgment. As in *Malone*, "[Tile Tech]'s dilatory conduct greatly impeded resolution of the case and prevented the [D]istrict [C]ourt from adhering to its trial schedule." 833 F.2d at 131 (citation omitted). Tile Tech argues that, even if the District Court had granted Tile Tech's request for a ninety day extension, the length of time between pleadings and trial still would be less than the national average, such that the resolution could be considered "expeditious" and within the public's interest. Appellant's Br. 15. However, comparison to the national average for length of district court proceedings is not the measurement that courts use to weigh the first *Malone* factor. Rather, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639,

642 (9th Cir. 2002) (internal quotation marks and citation omitted).

### 2. The Court's Need to Manage Its Docket

As to the second *Malone* factor, the court's need to manage its docket, we recognize that "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* (citation omitted). Here, the District Court correctly noted that Tile Tech "demonstrated a lack of respect for virtually every . . . deadline in this case," such that "there is no assurance that this matter can proceed to trial on the true facts." *United*, 2015 WL 7776795, at *5−6. Contrary to Tile Tech's characterization of its behavior as "'hiccups' in the discovery process," Appellant's Br. 20, Tile Tech missed every deadline to which it had agreed, failed to respond to the District Court's orders, and produced responses to discovery that were routinely inadequate. More importantly, the District Court could not be assured of the validity of the factual record on which to base a decision. The District Court did not abuse its discretion in finding that its need to manage its docket weighed in favor of United's default judgment motion. *See, e.g.*, *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the [district court] to manage its docket without being subject to routine noncompliance of litigants . . . ." (citation omitted)).

### 3. The Risk of Prejudice to the Other Party

As to the third *Malone* factor, the risk of prejudice to the other party, Tile Tech states that "the record does not indicate any prejudice to [United]." Appellant's Br. 19. We disagree.

"In determining whether [the moving party] has been prejudiced, we examine whether the [non-moving party]'s actions impair the [moving party]'s ability to go to trial *or* threaten to interfere with the rightful decision of the

case." *Malone*, 833 F.2d at 131 (emphasis added). Tile Tech focuses on the first clause of the relevant benchmark, i.e., the other party's ability to go to trial, and claims that its actions did not hinder United's ability to proceed to trial in any meaningful way. Appellant's Br. 17−20 ("While there were some 'hiccups' in the discovery process, the case was on track for a trial in early 2016. There was no prejudicial delay at all . . . ."). In contrast, the District Court focused on the second clause, i.e., actions that threaten to interfere with the rightful decision of the case, when it emphasized that "there can never be assurance of proceeding on the true facts" in this case. *United*, 2015 WL 7776795, at *5 (internal quotation marks and citation omitted).

The District Court did not abuse its discretion in its finding related to the second clause of the prejudice determination, which is sufficient to find prejudice under *Malone*. *See* 833 F.2d at 131 (using the disjunctive "or" in articulating the prejudice benchmark). Where one party withholds evidence, repeatedly declines to truthfully respond to discovery requests or comply with the District Court's rules, and fails to properly designate witnesses and exhibits during discovery, such conduct prejudices an opposing party's ability to reach a rightful disposition of the case.

### 4. The Public Policy Favoring the Disposition of Cases on Their Merits

The fourth *Malone* factor, public policy favoring disposition of cases on their merits, "always weighs against dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (citation omitted). Therefore, this factor favors Tile Tech.

10UNITED CONSTR. PRODS., INC. v. TILE TECH, INC.

### 5. The Availability of Less Drastic Sanctions (i.e., Alternatives to Dismissal)

As to the fifth *Malone* factor, the availability of less drastic sanctions, Tile Tech argues that the District Court abused its discretion when it "fail[ed] to consider . . . lesser sanctions" and "simply penalized Tile Tech rather than [e]nsuring future compliant behavior by Tile Tech's trial counsel." Appellant's Br. 25, 26. As *Malone* explained, though, "warning a [non-moving party] that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." 833 F.2d at 132 (citations omitted). Here, the District Court gave ample warning to Tile Tech in its Order to Compel that it would enter default judgment if discovery responses were not forthcoming. J.A. 422. The Order still did not "[e]nsur[e] future compliant behavior" from Tile Tech, Appellant's Br. 26; Tile Tech did not pay the monetary sanction, its third production was again deficient, and it did not respond to the Order in a timely manner. The District Court also concluded that Tile Tech had committed spoliation of evidence, for which Tile Tech admitted its wrongdoing. *United*, 2015 WL 7776795, at *6; J.A. 1092−93 ("Q: So after you new [sic] of the lawsuit . . . you then just threw . . . the washers away? A: Correct."). Finally, the District Court found that Tile Tech allowed deadlines for discovery to pass "without any effort or comment," despite knowing that supplementation of discovery was necessary and required as of right for the opposing party. *United*, 2015 WL 7776795, at *5.

The District Court's opinion demonstrates its thorough consideration of the *Malone* factors leading to the ultimate decision not to impose lesser sanctions in this case, a decision which we find was not an abuse of discretion. As the District Court explained, "[w]here a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive [remedy] may be appropriate." *Id.* (quot-

ing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007)).

Four factors favor dismissal and one weighs against dismissal. Under these circumstances, we cannot say that the District Court abused its discretion.

### B. Willfulness Is Sufficient to Uphold a Grant of Default Judgment

In addition, Tile Tech argues that a default judgment was not appropriate because the District Court did not find bad faith on Tile Tech's part. Appellant's Br. 26−29. In support of its position, Tile Tech correctly notes that the District Court, in a separate Order Denying Plaintiff's Motion for Award of Attorney's Fees, stated that "while defense counsel perhaps handled the case unreasonably, this [c]ourt does not attribute that to bad faith, but instead a complete lack of preparation." J.A. 1611.

However, Tile Tech omits the full test for default judgment, which is whether a party's conduct was due to "willfulness, bad faith, *or* fault." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985) (emphasis added). *Fjelstad* further explained that willfulness may be satisfied simply by finding "disobedient conduct not shown to be outside the control of the litigant." *Id.* (internal quotation marks omitted). While Tile Tech has argued that its trial attorney had "unfamiliarity" with federal court practice, it has not offered any evidence to suggest that its dilatory actions were outside of its attorney's control. Appellant's Br. 24. We therefore uphold the District Court's grant of default judgment.

### II. The District Court's Injunction Was Not Overly Broad

Finally, Tile Tech makes three arguments for why the permanent injunction is overbroad and should be modified, claiming: (1) it enjoins "substantially similar" products that do not necessarily infringe on the '356 patent; (2) it requires Tile Tech to surrender the notched washer

mold even though the washer by itself does not directly infringe; and (3) it prohibits Tile Tech from using images of United's products in any marketing materials, even if there is no likelihood of confusion. *Id.* at 29–33. We disagree with each argument.

To determine the scope of an injunction, we look to Rule 65(d) of the Federal Rules of Civil Procedure, which sets out the proper form and scope of an injunction issued by a district court to be one that "states[s] the reasons why it issued," "state[s] its terms specifically," and "describe[s] in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." "Whether the terms of an injunction fulfill the mandates of Rule 65(d) is a question of law that we review without deference." *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1315 (Fed. Cir. 2004) (citations omitted). As the Supreme Court has stated, "one basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 444 (1974) (footnote omitted). In the patent infringement context, this court has held that injunctions have satisfactory scope when they prohibit "infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices." *Int'l Rectifier Corp.*, 383 F.3d at 1316.

Turning to the terms of the subject permanent injunction, we do not find them overly broad. The injunction prohibits Tile Tech from

> any and all acts of infringement of the ['356 patent], *including* making, using, importing, selling, offering for sale, advertising, marketing or promoting the sale of any adjustable building surface support product incorporating the ['356 patent], or

> any substantially similar adjustable building surface support product sold, advertised, marketed or promoted in the United States.

*United*, 2015 WL 7776795, at *6 (emphasis added). The plain language of the injunction prohibits all acts of infringement, with specific hypothetical examples following the term "including." To the extent that sale, advertisement, marketing, or promotion of a substantially similar product to United's would constitute infringement if evaluated under the two-step test that this court set out in *TiVo Inc. v. EchoStar Corp.*, such actions would be prohibited. 646 F.3d 869, 882 (Fed. Cir. 2011) ("[T]he party seeking to enforce the injunction must prove both that the newly accused product is not more than colorably different from the product found to infringe and that the newly accused product actually infringes."). We see no problem with the use of the term "substantially similar" in the injunction to the extent that it prevents Tile Tech from infringing United's patent as assessed under this court's standard and, thus, find that the District Court did not err in issuing this injunction.

We also find the requirement to surrender "any mold, or other device, by which any notched washer utilized with the ['356 patent] was made" an acceptable means of preventing future infringement to United. *United*, 2015 WL 7776795, at *6. United submitted that the notched washer was a "crucial" component of the patented support pedestal, Appellee's Br. 31, which Tile Tech acknowledged when it intentionally destroyed all molds and notched washers upon learning of this litigation, J.A. 1092–94. Tile Tech's President acknowledged that Tile Tech voluntarily changed its product's washer to a full washer from the notched washer "based upon . . . notification of the patent." J.A. 467. He also testified that Tile Tech has never sold a notched washer. J.A. 467. Putting aside the fact that such an injunction does not immediately present any potential disruption to Tile Tech's non-infringing

business products, we note that United's counsel also stated at argument that United would not seek to enforce the injunction should Tile Tech use notched washers or their molds for non-infringing purposes. Oral Argument at 20:49−21:35, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1392.mp3. As such, the requirement to surrender the molds for washers is appropriate.

Finally, we construe the language of the injunction with respect to the unfair competition claim in a manner consistent with the rights of Tile Tech. United alleged violations of unfair competition under both common law and section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012). J.A. 418. "It is well established that the Lanham Act does not prevent one from using a competitor's mark truthfully to identify the competitor's goods . . . ." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1065 (9th Cir. 1999) (citation omitted). The language of the injunction permanently enjoins Tile Tech and its representatives or agents from "any and all acts of unfair competition, *including* using images of [United]'s products, projects[,] and drawings on its website and in any other marketing materials." *United*, 2015 WL 7776795, at *8 (emphasis added). The District Court found that the current use of United's products in Tile Tech's marketing materials violates section 43(a) of the Lanham Act because it "misrepresents that such products, projects, and drawings are the products, projects, and drawings of Tile [Tech]," J.A. 418, and such advertising should be removed. To the extent that in the future Tile Tech's advertising clearly distinguishes its product from that of United's in a comparative advertisement, in a way that is not "an act of unfair competition," we read the injunction to not prohibit such uses. At oral argument, United agreed with this interpretation of the injunction. Oral Argument at 25:00−26:15, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1392.mp3. In sum, we

find that the injunction is not overbroad as written under the facts presented.

CONCLUSION

We have considered Tile Tech's remaining arguments and find them unpersuasive. Accordingly, the decision of the U.S. District Court for the Central District of California is

**AFFIRMED**